IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

ROBERT LATRON SURRY, JR.,            )
                                     )
            Petitioner,              )
                                     )
      v.                             )       CV 125-007
                                     )
WARDEN SHAWN EMMONS,                 )
                                     )
            Respondent.[1]           )

————————

**O R D E R**

————————

Petitioner Robert Latron Surry, Jr., an inmate at Georgia Diagnostic and

Classification Prison in Jackson, Georgia, filed this petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254 and challenges a judgment of conviction entered in the

Superior Court of Richmond County.  As Petitioner never paid the $5.00 filing fee or filed a

motion to proceed *in forma pauperis* ("IFP") when he commenced this action, the Clerk

issued a deficiency notice instructing Petitioner to submit the $5.00 filing fee or an IFP

motion within fourteen days.  (See doc. no. 2.)  In response, Petitioner wrote a letter

informing the Clerk he "instructed the 'inmate account fiduciary'" at Charles B. Webster

Detention Center in Augusta, Georgia, Petitioner's place of confinement at the time he

_____

[1] The Court **DIRECTS** the **CLERK** to terminate Respondents Attorney Bryce Colvin, District Attorney Jared Williams, Judge John Flythe, Attorney Raheem Bowick, and Sheriff Eugene Brantley, and update the docket with the above caption because the only proper Respondent is Shawn Emmons, the Warden at Georgia Diagnostic and Classification State Prison, Petitioner's current place of incarceration. See Rule 2(a) of the Rules Governing § 2254 cases.

commenced this action, (see doc. nos. 1, 3), to deduct the $5.00 filing fee from Petitioner's account, (doc. no. 3). He further stated he had not received a reply about his payment request as of January 22, 2025, and requested the Clerk contact the facility to receive the payment. (Id.) Petitioner has since been transferred to Georgia Diagnostic and Classification Prison. (See doc. nos. 4, 5.)

To properly commence a § 2254 action, Petitioner must either pay the $5.00 or move to proceed IFP. See Loc. R. 4.1 (providing that commencement of a civil action requires, among other things, payment of the appropriate filing fee or submission of an IFP motion); see also 28 U.S.C. § 1914(a) (providing that the filing fee for a habeas corpus action is $5.00). However, due to Petitioner's recent transfer to a new facility and purported difficulties paying the filing fee at his former facility, the Court **GRANTS** Petitioner fourteen additional days to either pay the $5.00 filing fee or submit an IFP motion. The Court also **DIRECTS** the **CLERK** to include an appropriate blank IFP motion stamped with the above-captioned case number with Petitioner's service copy of this Order.

Finally, Petitioner is advised that future requests for judicial action must be provided to the Court as a properly filed motion. See In re Unsolicited Letters to Federal Judges, 120 F. Supp. 2d 1073, 1074 (S.D. Ga. 2000) ("[I]f a litigant seeks judicial action of any sort (e.g., relief against prison officials for retaliating against an inmate for filing a civil rights case), it must be contained within a motion arising from a properly filed lawsuit. It cannot be requested in a personal *letter* to a judge." (citations omitted)). Petitioner's letter describing his efforts to pay the filing fee and requesting assistance is not the appropriate vehicle to request action by the Court. (Doc. no. 3.) Moreover, the Court observes Plaintiff informed the Court of his transfer to Georgia Diagnostic and Classification Prison by using his new

2

address in the "From" line in another letter and putting the return address on the envelope of his filing with further annotation to point out his new address. (See doc. no. 4, pp. 1, 9.) The Court cautions Plaintiff that if his address changes again while this case is pending, he must notify the Court by filing a Notice of Change of Address.

Failure to comply with this Order within fourteen days will result in the Court recommending that this case be dismissed without prejudice.

SO ORDERED this 10th day of February, 2025, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA