IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ROBERT LATRON SURRY, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 125-007 |
| | ) | |
| TYRONE OLIVER, Commissioner, | ) | |
| Georgia Department of Corrections, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**O R D E R**

_____

Petitioner, an inmate at Jenkins Correctional Center in Millen, Georgia, brings the above-styled action pursuant to 28 U.S.C. § 2254.  Upon initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

## I.    BACKGROUND

Petitioner states he was "coerced to plead guilty" to several offenses in the Superior Court of Richmond County, Georgia, and sentenced to five years confinement and ten years probation in December 2024. [1]  (Doc. no. 1, pp. 1-2.)  Publicly available records reveal Petitioner plead guilty

_____

[1] Although Petitioner includes case numbers for two separate Richmond County Superior Court cases on the first page of his petition, the Court's review of the substance of the grounds raised in the petition and Petitioner's other filings reveals he solely challenges his conviction in 2024RCCR00981.  (See doc. no. 1, pp. 5-15); (see also doc. nos. 4, 5, 7).  The crux of Petitioner's petition centers around his June 12, 2024 arrest and subsequent criminal prosecution.  (Doc. no. 1, pp. 5-15.)  Accordingly, the Court construes the instant petition as solely challenging 2024RCCR00981.  See Ex. A.

on December 17, 2024, to possession of cocaine with intent to distribute, for which he received five years confinement and ten years of probation, and to the offense of giving false information to a law enforcement officer, for which he received twelve months confinement.[2] See Richmond County Clerk of Court Web Docket, available at https://www.augustaga.gov/421/Case-Management-Search, click "Yes, I agree," (follow "Criminal Search" hyperlink; then search for "Surry Jr., Robert Latron," open 2024RCCR00891, last visited Mar. 19, 2025), Ex. A attached; United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting court may take judicial notice of another court's records to establish existence of ongoing litigation and related filings). Thereafter, Petitioner executed a motion to withdraw guilty plea on December 22, 2024. (Doc. no. 1, pp. 3, 5, 8, 10, 11, 12); see also Ex. A. He provides the results of this motion are still "pending." (Doc. no. 1, p. 3.) He also filed various *pro se* motions and letters, including and a motion to reduce/modify his sentence. See Ex. A. He further reports filing a "grievance and complaint" with the State Bar of Georgia against attorney Bryce Colvin. (Doc. no. 1, pp. 4, 7, 8, 10, 11, 12.) Publicly available records also reveal Petitioner filed a second motion to withdraw guilty plea and a second motion to modify sentence on March 18, 2025. See Ex. A.

Petitioner signed the instant federal petition on January 1, 2025. (Doc. no. 1, p. 15.) Petitioner challenges his conviction on four grounds: (1) a Procedural Due Process violation, alleging he was denied a statutory right to an initial appearance within seventy-two hours following his June 12, 2024 arrest; (2) a Fourth Amendment violation, alleging the traffic stop leading to his arrest resulted in an unreasonable search and seizure; (3) an Equal Protection

---

[2] It is unclear whether this sentence runs consecutively or concurrently to count one, possession of cocaine with intent to distribute.

Clause violation, alleging he was denied the equal opportunity to enroll in the Mental Health Court Program; and (4) ineffective assistance of counsel, alleging his attorney, Bryce Colvin, refused to file several motions and did not obtain "discovery documents" rendering him insufficiently prepared for Petitioner's defense. (Id. at 5-10.) Petitioner also seeks to file criminal charges against his attorney for alleged forgery. (Id. at 1, 7, 8, 10.) Petitioner states he has not raised the issues presented in the instant petition in the state trial court because it "[d]oes not apply because it has not made it to appeal process stage as of yet (01-01-2025)." (Id. at 6, 8, 10, 11).

## II.    DISCUSSION

### A.    Commissioner Oliver Is the Proper Respondent

Petitioner is currently incarcerated at Jenkins Correctional Center, a private prison operated by a corporation pursuant to a contract with the Georgia Department of Corrections ("DOC"). See Mitchell v. Laughlin, CV 421-227, doc. no. 6 (S.D. Ga. Feb. 11, 2022) (explaining "private prison" contractual relationship with the DOC in habeas corpus case brought by state inmate).[3] Because Petitioner was previously housed at Georgia Diagnostic and Classification Prison, the docket presently lists the Respondent is Shawn Emmons, the Warden of that facility. (See doc. no. 6, p. 1 n.1.) However, for the reasons described below, the proper respondent is Tyrone Oliver, the Commissioner of the Georgia Department of Corrections.

Pursuant to 28 U.S.C. § 2242, an application for a writ of habeas corpus shall allege the name of the person having custody over Petitioner; however, Rule 2(a) of the Rules Governing

---

[3] "A court may take judicial notice of its own records." United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987).

3

Section 2254 Cases in the United States District Courts states that "the petition must name as respondent the state officer who has custody." Furthermore, the Advisory Committee Notes to the cited provision explain that the proper person to be named is either the person having custody over the applicant or the chief officer in charge of the state's penal institutions.

Here, although the Warden of Jenkins Correctional Center is responsible for running the "private prison" in which Petitioner is incarcerated, that individual is not a "state officer." The Commissioner of the DOC is the officer in charge of Georgia's penal institutions. See O.C.G.A. § 42-2-6. Accordingly, the Court **DIRECTS** the **CLERK** to update the docket in accordance with the above caption showing the substitution of Tyrone Oliver, Commissioner, Department of Corrections, as the proper Respondent.

## B.    The Exhaustion Requirement

Under the Anti-Terrorism and Effective Death Penalty Act of 1996, ("AEDPA"), and in accordance with the traditional exhaustion requirement, an application for a writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to him by any state court procedure. See 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). A state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

"A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003).  The exhaustion requirement applies with equal force to all constitutional claims.  See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1353-54 (11th Cir. 2012); see also Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992).  "Ultimately, 'to exhaust state remedies fully[,] the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'"  Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015) (citation omitted).

"Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)). However, the exhaustion doctrine does not require a petitioner to seek collateral review in state courts of issues raised on direct appeal.  See Powell v. Allen, 602 F.3d 1263, 1269 (11th Cir. 2010) (per curiam); Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982).  Moreover, in Georgia, a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court means that [the petitioner] has failed to exhaust all of his available state remedies." Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004).

### C.    Petitioner Failed to Exhaust State Remedies

Petitioner does not allege that he has exhausted his state court remedies.  (See generally doc. no. 1.)  Indeed, he concedes he has not received a ruling on the motion to withdraw his guilty plea disclosed in his petition.  (Doc. no. 1, pp. 3-4.)  Thus, Petitioner has not even completed the first step in the appellate process.  Moreover, should he not be satisfied with the rulings on his

5

motions to withdraw his guilty plea, Georgia case law is clear that, subject to various state procedural requirements, the state habeas courts are available for Petitioner to raise claims concerning an involuntary guilty plea and ineffective assistance of counsel.  See Henderson v. Hames, 697 S.E.2d 798, 801 (Ga. 2010); Goodwin v. Knighten, 387 S.E.2d 887, 887 (Ga. 1990); see also O.C.G.A. § 9-14-48(d) (describing procedural requirements for consideration of state habeas claims and setting out cause and prejudice, as well as miscarriage of justice, exceptions).

Additionally, publicly available records also show Plaintiff filed motions to reduce/modify his sentence, further demonstrating he has not yet exhausted state court remedies.  See, e.g., Plummer v. FNU Parsons, No. CV 310-065, 2010 WL 3362638, at *3 (S.D. Ga. July 29, 2010) (reasoning pending motion to modify sentence meant petitioner "ha[d] not alleged the requisite exhaustion of his available state remedies"), adopted by 2010 WL 3365337 (S.D. Ga. Aug. 24, 2010); Pumphrey v. Brown, No. 1:12-CV-4337, 2012 WL 6924529, at *1 (N.D. Ga. Dec. 21, 2012) (recommending dismissal for failure to exhaust because petitioner had pending motion to modify sentence and did not "allege[] that the state process has become 'ineffective' to protect his rights"), adopted by 2013 WL 251191 (N.D. Ga. Jan. 22, 2013).

Moreover, it is improper to attempt to circumvent the state courts in favor of moving directly to the federal courts.  Generally, as a matter of comity, the state courts must be afforded a fair opportunity to hear claims raised in a habeas corpus petition challenging custody resulting from a state court judgment.  Picard v. Connor, 404 U.S. 270, 275 (1971).  However, "[c]omity does not require that the federal courts decline to exercise jurisdiction in the face of allegations that the state courts have been presented with the merits of a claim for habeas

6

corpus relief and have, for one reason or another, refused or been unable to act upon the claim." St. Jules v. Beto, 462 F.2d 1365, 1366 (5th Cir. 1972).[4]

In this regard, "[a] federal habeas petitioner need not wait until his state petitions for relief are exhausted, if the state court has unreasonably or without explanation failed to address petitions for relief." Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991); see also Reynolds v. Wainwright, 460 F.2d 1026, 1027 (5th Cir. 1972) (ruling that an inordinate delay can, under certain circumstances, excuse exhaustion). However, the Court must be mindful that "state courts are the principal forum for asserting constitutional challenges to state convictions." Harrington v. Richter, 562 U.S. 86, 103 (2011). Indeed, the exhaustion requirement ensures "that state proceedings are the central process, not just a preliminary step for a later federal habeas proceeding." Id.

In sum, Petitioner has not exhausted by giving the state courts "an opportunity to act on his claims *before* he presents those claims to a federal court in a habeas petition." O'Sullivan, 526 U.S. at 842 (emphasis added). He has not completed the proceedings in his underlying criminal case, let alone moved forward with a direct appeal or state habeas petition. Petitioner also has other available state remedies should he be dissatisfied with the ruling on his pending motions to withdraw guilty plea or his motions to reduce/modify sentence. Requiring exhaustion will allow for factual development of the claims and provide the state courts the first opportunity to correct any alleged constitutional violations.

As Petitioner has not exhausted available state court remedies, his federal habeas corpus

---

[4] Under Bonner v. City of Prichard, the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

petition should be dismissed without prejudice.

## III.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be

**DISMISSED** without prejudice and this civil action be **CLOSED**.

SO REPORTED AND RECOMMENDED this 19th day of March, 2025, at Augusta,

Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA