IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| ROBERT LATRON SURRY, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 125-007 |
| ) | |
| TYRONE OLIVER, Commissioner, ) | |
| Georgia Department of Corrections, ) | |
| ) | |
| Respondent. ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 15.) The Magistrate Judge recommended dismissing Petitioner's petition without prejudice because he failed to exhaust state remedies. (See doc. no. 11.) In his objections, although Petitioner claims he fully exhausted state remedies, he also concedes he has motions raising his claims currently pending with the state court. (Doc. no. 15, p. 4.) Thus, Petitioner has not allowed "the state courts an opportunity to act on his claims before he presents those claims those claims to a federal court in a habeas petition." (Doc. no. 11, p. 4 (citing O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999)).) Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion and **DISMISSES** the instant petition, brought pursuant to 28 U.S.C. § 2254, without prejudice.

Further, a prisoner seeking relief under § 2254 must obtain a certificate of appealability ("COA") before appealing the denial of his application for a writ of habeas corpus. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2254 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith, and Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action.

SO ORDERED this __16th__ day of April, 2025, at Augusta, Georgia.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] "If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2254 Proceedings.